IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL LEE HOLTERMAN**,

        Plaintiff,

vs.

**REV. S. TOTH,** Rev. at SRCI; **OFFICER HOLLOWAY, NURSE KELLER**,

        Defendants.

Civil Case No. 08-12-KI

OPINION AND ORDER

    Daniel Lee Holterman
    SRCI #2157980
    777 Stanton Blvd.
    Ontario, Oregon  97914

        Pro Se Plaintiff

    John R. Kroger
    Attorney General
    Kristin A. Winges
    Assistant Attorney General

Page 1 - OPINION AND ORDER

      Jacqueline Kamins
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon  97301-4096

          Attorneys for Defendants

KING, Judge:

Plaintiff Daniel Lee Holterman, a Jewish inmate at Snake River Correctional Institution ("SRCI"), alleges a claim for religious discrimination because Christmas carols were played in December 2007 when Holterman was in the infirmary. Holterman also complains that defendant Chaplain Steven Toth is the head of Jewish issues even though he is not a rabbi. Chaplain Toth is the acting head of religious services for SRCI and oversees all religious activities of any faith. Before the court is defendants' Unenumerated 12B Motion to Dismiss (#37).

## DISCUSSION

The Prison Litigation Reform Act's ("PLRA") exhaustion requirement creates an affirmative defense that must be raised and proven by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Because the failure to exhaust nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary judgment. The court may look beyond the pleadings and decide disputed issues of fact. If the prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. at 1119-20.

Grievances are processed in accordance with the Oregon Department of Corrections Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0100(3)(a). If this does not resolve the issue, the inmate may file a grievance if it complies with the rules. OAR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; or (5) the loss or destruction of personal property. OAR 291-109-0140(2)(a)-(f). A grievance must be filed within 30 days of the incident. OAR 291-109-0150(2). There are two levels of appeals available.

Teresa Hicks, a Grievance Coordinater at SRCI, states that she searched the records and found no grievances Holterman filed concerning Chaplain Toth's appointment to address Jewish issues at SRCI or concerning Christmas carols being played in the infirmary.

Holterman claims that he was unable to file a grievance from the infirmary. He was able to file this case, however, on January 2, 2008, which was likely within the 30 day period after the Christmas carols were played. Even if someone helped Holterman file the case, that person could have helped file a grievance instead.

Holterman failed to exhaust his nonjudicial remedies. Consequently, I grant the motion and dismiss the action without prejudice.

Page 3 - OPINION AND ORDER

## CONCLUSION

Defendants' Unenumerated 12B Motion to Dismiss (#37) is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this      12th      day of April, 2010.

      /s/ Garr M. King
     Garr M. King
     United States District Judge